## City Court.

*Trial Term—June,* 1884.

### HULL *against* CARDWELL.

The defendant as a broker rented the plaintiff's premises to a customer of his for six months and five days at the agreed rental of $500 for the term. The defendant claimed brokerage for the entire year. *Held,* that the brokerage was limited to the agreed rental and did not extend to the entire year.

McADAM, Ch. J.—That the defendant collected $166.66 rent for the plaintiff is conceded. The question in dispute is whether, upon a rental of six months and five days, at the rate of $1,000 per year, the defendant is entitled to brokerage at $2\frac{1}{2}$ per cent. on $500, the rental for the term, or to brokerage at that rate for an entire year. The evidence satisfies me that in the absence of an express agreement, the customary rule is to allow percentage on the actual or agreed rental. This custom is reasonable and fair, and hence legal. To give effect to a special custom to charge commissions on rent for a period of time extending beyond the term of the lease, would be to allow compensation on a theoretical, constructive or imaginary basis rather than on that fixed by the deliberate agreement of the contracting parties. Such a peculiar custom

is unreasonable, and cannot be enforced in the absence of proof that the plaintiff knew of its existence (Boardman v. Gillard, 1 *Hun*, 220 ; Bassett v. Lederer, *Id.* 280). The defendant has no doubt acted in good faith, and under the belief that his counter-claim was just.

The plaintiff is entitled to judgment for $166.66, less $12.87 commission at 2½ per cent. on the rent for the term, to wit, $153.79.